UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 29, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Leona A. v. Martin O'Malley, Commissioner, Social Security Administration*
      Civil No. 23-1251-CDA

Dear Counsel:

On May 11, 2023, Plaintiff Leona A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7) and the parties' briefs (ECFs 10, 12 & 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   PROCEDURAL BACKGROUND

This case has a lengthy procedural history. Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 31, 2011, alleging a disability onset of January 1, 2006. Tr. 156-164, 215. Plaintiff's claims were denied initially and on reconsideration. Tr. 86-89, 91-97. On August 8, 2013, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34-73. Following the hearing, on August 28, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 15-33. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, and Plaintiff then appealed to this Court on January 7, 2015. This Court remanded Plaintiff's case on October 9, 2015, to the Commissioner for further consideration pursuant to 42 U.S.C. § 405(g). Tr. 506. The Appeals Council remanded Plaintiff's case to a second ALJ who then held another hearing. Tr. 458-505. On November 1, 2016, that ALJ concluded that Plaintiff was not disabled. Tr. 1043-69. Plaintiff then requested the Appeals Council to review the ALJ's decision and on July 7, 2017, the Appeals Council remanded Plaintiff's case to an ALJ. Tr. 513-17.

On November 30, 2017, a third ALJ held a hearing, Tr. 428-57, and on May 7, 2018, the ALJ determined that Plaintiff was not disabled for the third time. Tr. 403-427. Plaintiff filed a second appeal with this Court on July 26, 2018, and this Court remanded the case to the

---

[1] 42 U.S.C. §§ 301 et seq.

Commissioner for further consideration on July 17, 2019.  Tr. 1207-10.  On August 19, 2020, a fourth hearing was held before a separate ALJ.  Tr. 1146-98.  A supplemental hearing was also held at the direction of the ALJ to discuss Plaintiff's date of last insured ("DLI").  Tr. 1327-28.  On October 2, 2021, the ALJ issued their decision and found that Plaintiff was not disabled.  Tr. 1076-1106.  The fourth ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a), which will be discussed herein.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2006 through her date last insured of December 31, 2010[.]"  Tr. 1083.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "left ulnar nerve entrapment and bilateral rotator cuff tear status post surgical reconstruction[.]"  Tr. 1083.  The ALJ also determined that Plaintiff suffered from the non-medically determinable impairments of knee pain, history of three right knee arthroscopic surgeries, a history of right knee patellar realignment surgery, and headaches.  Tr. 1083.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 1085.  Despite these impairments, the ALJ determined that, through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant was limited to no climbing of ladders or scaffolds. The claimant was limited to no crawling. The claimant was limited to occasional reaching overhead. The claimant was limited to frequent pushing, pulling, reaching, and handling.

Tr. 1086.  The ALJ noted that the RFC limitations were:

> given by the medical expert based on the upper extremity impairments he noted in the file as of the date last insured. [The ALJ] note[d] the limitations related to the knees given by Dr. Lorder have not been included because such limitations are not supported by objective medical evidence or a valid medical diagnosis related to the

knees as of the date last insured.

Tr. 1086, n.1. The ALJ determined that Plaintiff was unable to perform past relevant work as a Driver (DOT[2] #913.663-018) but could perform her past relevant work as a Certified Nursing Assistant (DOT #355.674-014) and Probation and Parole Officer (DOT #195.107-046). Tr. 1092-93. The ALJ also determined that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Tr. 1092-93. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1095.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ committed harmful error by failing to consider medical evidence of Plaintiff's bilateral knee impairments created after Plaintiff's last date of insurance coverage ("DLI"). ECF 10, at 1. Because of this, Plaintiff contends that her case should be reversed and remanded for an award of benefits. ECF 10, at 1. Defendant counters that because Plaintiff has not established disability on or before her DLI, her burden is not met, and therefore remand is unwarranted. ECF 12, at 5-6.

"To establish eligibility for Social Security disability benefits, a claimant must show that he became disabled before" his date last insured. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012); 20 C.F.R. § 404.131(a); *see also Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005) (stating that a claimant is required to establish that he became disabled prior to his

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Leona A. v. O'Malley*
Civil No. 23-1251-CDA
May 29, 2024
Page 4

date last insured). "Evidence developed after a claimant's termination of insured status may be relevant to prove disability arising before the date last insured if it relates back to the period when the claimant was insured and provides evidence of her impairments at that time." *Lambert v. Colvin*, No. 14-0171, 2016 WL 721523, at *4 (W.D. Va. Feb. 4, 2016); *Bird.*, 699 F.3d at 341. Post-DLI evidence may be considered when an "inference of linkage" exists between that evidence and a claimant's pre-DLI condition. *Bird*, 699 F.3d at 341.

In *Bird,* the Fourth Circuit explained that evidence created after the last date insured placed the claimant's "symptoms in the context of his work and social histories, drawing a link between his current condition and his condition predating his DLI." 699 F.3d at 342. For this reason, "[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Id.* at 340. The court found such evidence and evaluations "generally [] admissible in an SSA disability determination" where they provide "an inference of linkage with the claimant's pre-DLI condition." *Id.* at 341. Consideration of post-DLI evidence is not only permissible but "appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." *Id.* Where the evidence does not support such an inference, the ALJ is not required to consider the post-DLI assessment. *Bird*, 699 F.3d at 341 (citing *Johnson*, 434 F.3d at 655-56).

Therefore, an ALJ should consider post-DLI evidence to determine whether that inference of linkage exists. *See Crussiah v. Colvin*, No. TMD-12-2307, 2014 WL 3778615, at *11 (D. Md. July 29, 2014), *aff'd*, 589 F. App'x 76 (4th Cir. 2014) (finding that the ALJ considered Plaintiff's medical evidence post-DLI but determined that the evidence "fail[ed] to imply any linkage with Plaintiff's pre-DLI condition," thus the ALJ did not err in his consideration of the evidence); *see also Martin v. Saul*, No. MOC-19-286, 2020 WL 1914919, at *5 (W.D.N.C. April 20, 2020) ("*Bird* requires consideration of evidence created after the date last insured when that evidence permits an inference of linkage back to the claimant's condition as it existed before the date last insured"). The Court has joined others in finding reversible error "where an ALJ failed to consider evidence created after a plaintiff's date last insured when that evidence "relates to the time period prior to the plaintiff's date last insured." *See Call v. Comm'r of Soc. Sec. Admin.*, No. WCM-21-0145, 2023 WL 1093670, at *3 (W.D.N.C. Jan. 10, 2023), *report and recommendation adopted*, No. WCM-21-0145, 2023 WL 1072014 (W.D.N.C. Jan. 27, 2023) (collecting cases) (internal quotation marks omitted); *Carol P. v. O'Malley*, No. CDA-23-0750, 2024 WL 415363 (D. Md. Feb. 2, 2024) (finding reversible error when the ALJ omitted all medical findings after Plaintiff's DLI making it unclear whether the ALJ evaluated any of the medical records); *Yu v. Comm'r, Soc. Sec.*, No. ELH-13-1507, 2014 WL 1022878, at *4 (D. Md. Mar. 14, 2014) (remanding when the ALJ did not state whether he considered Plaintiff's post-DLI records); *Jamie B. v. Kijakazi*, No. DLB-20-1866, 2021 WL 4425576 (D. Md. Sept. 27, 2021) (finding remand warranted when the ALJ erred by refusing to consider evidence generated after Plaintiff's DLI).

Here, the ALJ stated that "the record contains medical evidence after the date last insured of December 31, 2020." Tr. 1088. However, the ALJ noted that because the SSA regulations require Plaintiff to establish disability on or before the DLI, the ALJ could not "consider the

*Leona A. v. O'Malley*
Civil No. 23-1251-CDA
May 29, 2024
Page 5

medical evidence of record after [the DLI.]" Tr. 1088. The ALJ stated that they "[would] not evaluate [Plaintiff's] treatment records dated after [the DLI]." Tr. 1088. The medical evidence after Plaintiff's DLI includes discussions of Plaintiff's ongoing knee impairments, which the ALJ found to be non-severe impairments. Tr.1083. For example, Plaintiff underwent an MRI on February 24, 2021, for ongoing knee pain for the past 30-40 years and pain in the right and left knee. Tr. 1715. The MRI revealed mild joint space narrowing and chondrocalcinosis of the right knee. *Id.* In March of 2021, a second MRI showed thinning of Plaintiff's ACL in the left knee.[3] Tr. 1719. Plaintiff's medical evidence dated after her DLI spans over several exhibits and hundreds of pages and includes multiple encounters regarding Plaintiff's knee impairments.[4]

As it has before, the Court finds error in the ALJ's failure to consider any of Plaintiff's post-DLI medical records in accordance with *Bird*. *See Maxine C. v. Kijakazi*, No. BAH-22-0528, 2022 WL 16856272, at *4 (D. Md. Nov. 10, 2022) (The ALJ's failure to acknowledge "and/or consider the evidence included by Plaintiff was prejudicial to Plaintiff because the ALJ may have reached a different conclusion had they considered this evidence."). Post-DLI evidence is not automatically barred from an ALJ's consideration, *Bird*, 699 F.3d at 340, and the Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled," *Lewis v. Saul*, No. DCN-19-2298, 2021 WL 1040512, at *3 (D.S.C. Mar. 18, 2021) (quoting 20 C.F.R. § 404.1520(a)(3)).

It is not for this Court to decide whether Plaintiff's post-DLI evidence supports a finding of disability or constitutes an "inference of linkage" between a claimant's pre-DLI condition. *Bird*, 699 F.3d at 341; *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (stating that it is not the role of this Court to evaluate the evidence). Rather, the Court can determine only whether the ALJ followed the correct legal standards. Accordingly, remand is appropriate to permit the ALJ to consider any post-DLI evidence in accordance with *Bird* and SSA regulations.

Because the ALJ expressed its refusal to consider any of the post-DLI evidence, the Court cannot engage in meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Rogers v. Kijakazi*, 62 F.4th 872, 881 (4th Cir. 2023) (judicial review is frustrated by the omission of relevant evidence from the RFC assessment); *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388-89 (4th Cir. 2021) (noting error based on ALJ's failure to address "considerable" and "relevant evidence"); *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (finding error where the ALJ failed "to discuss what appears to be a substantial portion of

---

[3] Plaintiff also points to copious records that include discussions of Plaintiff's knee impairments following the DLI from 2010 through 2022. ECF 10, 7-10.

[4] These pages include 171-402; 748-1042; 1372-1739. The Court cannot be expected to parse a voluminous record to determine if the evidence supports (or undermine) the ALJ's conclusions or contains a linkage to pre-DLI evidence. *See, e.g.*, *U.S. ex rel. Davis v. Prince*, No. 08-1244, 2011 WL 2749188, at *3 (E.D. Va. July 13, 2011) ("It is not the Court's responsibility to undertake the herculean task of reviewing a voluminous record to find evidence to support each party's position.").

*Leona A. v. O'Malley*
Civil No. 23-1251-CDA
May 29, 2024
Page 6

the record," regardless of whether the ALJ was ultimately "[r]ight or wrong" in deciding not to credit that evidence).[5]

Lastly, the Court declines to award benefits, as Plaintiff requests. ECF 10, at 10. Plaintiff avers that an award is appropriate because this "extraordinary" case has been ongoing for twelve years, remand has been ordered twice by this Court and once by the Appeals Council, and the ALJ made an error of law. *Id.* While a prolonged history and existence of error favor an award from this Court, those are not the only considerations relevant to ordering an award. The Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Those rare circumstances exist only where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974). Otherwise, the "proper course" is to "remand to the agency." *Radford*, 734 F.3d at 296. Here, although the process for Plaintiff has been extraordinarily lengthy, an award of benefits is improper because the record does not reflect a "clear establishment" of disability. *Breeden*, 492 F.2d at 1012. Furthermore, as noted above, the ALJ must investigate whether the post-DLI evidence contributes to a finding a disability; the Court cannot conduct a *de novo* inquiry into the post-DLI evidence (or any other matter) or weigh conflicting evidence. *Radford*, 734 F.3d at 296; *Bird*, 699 F.3d at 341. In remanding for further explanation, the Court expresses no opinion as to whether Plaintiff is entitled to benefits.

### V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[5] A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984).